# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| DEMETRIUS GOODEN, | ) |
| | ) CASE NO. 1:05CV0075 |
| Petitioner, | ) |
| | ) JUDGE NUGENT |
| v. | ) |
| | ) MAGISTRATE JUDGE VECCHIARELLI |
| ROB JEFFREYS, Warden, | ) |
| | ) **REPORT & RECOMMENDATION** |
| Respondent. | |

Petitioner, Demetrius Gooden, ("Gooden"), challenges the constitutionality of his conviction in the case of *State v. Gooden*, Case No. CR 402441. Gooden, through counsel, filed a Petition for Writ of Habeas Corpus (Doc. No. 1) pursuant to 28 U.S.C. § 2254 on January 13, 2005 with the United States District Court for the Northern District of Ohio. This matter is before the undersigned Magistrate Judge pursuant to Local Rule 72.2. For reasons set forth in detail below, the Magistrate Judge recommends Gooden's petition (Doc. No. 1) be DENIED.

## I. Procedural History

### A. Conviction

The Cuyahoga County Grand Jury returned a five-count indictment charging Gooden with: two counts of rape in violation of Ohio Revised Code ("O.R.C.") § 2907.02; two counts of Gross Sexual Imposition in violation of O.R.C. §2907.05; and one count of intimidation in violation of O.R.C. § 2921.04. (Doc. No. 9, Exh. 1.) Gooden filed a Motion to Dismiss for Pre-indictment Delay. (Doc. No. 9, Exh. 6.) The trial court held a hearing and denied Gooden's motion. (Doc. No. 9, Exh. 32.)

A jury found Gooden guilty on all counts. (Doc. No. 9, Exh. 14.) The trial court sentenced Gooden to concurrent prison terms of: five years for each rape count; one and a half years on one gross sexual imposition count; one year on the other gross sexual imposition count; and one year on the intimidation count. (Doc. No. 9, Exh. 15.) The court also imposed post-release control and found Gooden to be a habitual sexual offender. (*Id.*)

### B. Direct Appeal

Upon a successful motion for leave to file a delayed appeal, Gooden appealed the trial court's judgment to the Ohio Court of Appeals. (Doc. No. 9, Exhs. 17, 18.) On June 5, 2003 (journalized June 16, 2003), the Court of Appeals: vacated Gooden's convictions for gross sexual imposition and intimidation due to insufficient evidence; remanded the case for resentencing so the trial court could notify Gooden that he is subject to post-release control; reversed the trial court's adjudication that Gooden was a habitual sexual offender; and remanded the case for a new sexual predator hearing. (Doc. No. 9, Exh. 21.)

On July 31, 2003, Gooden appealed to the Ohio Supreme Court. (Doc. No. 9, Exh. 23.) On

October 15, 2003, the Ohio Supreme Court denied leave to appeal and dismissed Gooden's appeal as not involving any substantial constitutional question. (Doc. No. 9, Exh. 26.)

**C. Resentencing and Sexual Predator Hearing**

The trial court resentenced Gooden to concurrent prison terms of five years on each of the rape counts. (Doc. No. 9, Exh. 29.) The court notified Gooden that he was subject to post-release control, found him to be a habitual sexual predator and required him to register for twenty years. (*Id.*)

**D. Federal Habeas Petition**

On January 13, 2005, Gooden, through counsel, filed a Petition for Writ of Habeas Corpus, asserting the following six grounds for relief:

> GROUND ONE: Mr. Gooden was denied his Sixth Amendment right to speedy trial by virtue of excessive pre- and post-indictment delay.
>
> GROUND TWO: Mr. Gooden's Sixth Amendment right to confrontation was violated by the admission of the alleged victim's out-of-court statements.
>
> GROUND THREE: Mr. Gooden was denied his Sixth Amendment right to trial by jury, and his Fourteenth Amendment right to due process by virtue of the testifying police officer having effectively expressed an opinion as to Mr. Gooden's guilt.
>
> GROUND FOUR: Mr. Gooden's Sixth and Fourteenth Amendment right to due process at trial was violated by admission of improper character evidence.
>
> GROUND FIVE: Mr. Gooden's Sixth and (sic) Amendment right to the effective assistance of counsel was violated by counsel's deficient performance, particularly in not objecting to improper character evidence, improper opinion evidence and improper hearsay.
>
> GROUND SIX: Mr. Gooden's Fourteenth Amendment right to due process, guaranteeing a meaningful direct appeal, was denied by the

        trial court's failure to include a copy of the written jury instructions in
        the trial record.

(Doc. No. 1.)[1]

## II. Procedural Default

Procedural default occurs when the petitioner fails to present his federal constitutional claim to the state courts in the manner required by state procedural law, and the state courts impose the procedural bar of refusing to review the merits of the alleged error. Even constitutional errors will not be noticed on federal habeas corpus review if an adequate and independent state law ground exists for upholding the conviction or sentence. *Coleman v. Thompson,* 501 U.S. 722, 729-32 (1991).

However, the procedural default may be excused if the petitioner shows cause for the procedural default and prejudice from the alleged error. *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). Specifically, the Sixth Circuit's *Maupin* decision sets out four inquiries that a district court should make when the state argues that a habeas claim has been defaulted by petitioner's failure to observe a state procedural rule. First, the court must determine whether there is such a procedural rule that is applicable to the claim at issue and whether the petitioner did, in fact, fail to follow it. *Id.* at 138. Second, the court must decide whether the state courts actually enforced its procedural sanction. *Id*. Third, the court must decide whether the state's procedural forfeiture is an "adequate and independent"

---

[1] In "support" of his claims, Gooden, through counsel, provided this Court with a consolidated statement of facts. However, he has not provided any case law or analysis in support of his claims. The Court finds this briefing method insufficient. Further, Gooden has not submitted a traverse. It is unreasonable for Gooden to expect this Court to determine which facts support each claim, especially without his submission of any analysis whatsoever.

ground on which the state can rely to foreclose review of a federal constitutional claim. Such a rule is adequate if it is regularly or consistently applied by the state court, *Johnson v. Mississippi*, 486 U.S. 578, 587 (1988), and is independent if it does not depend on a federal constitutional ruling. *Ake v. Oklahoma*, 470 U.S. 68, 75 (1985). And, fourth, the petitioner must demonstrate, consistent with *Wainwright v. Sykes*, 433 U.S. 72 (1977), that there was "cause" for him to neglect the procedural rule and that he was actually prejudiced by the alleged constitutional error. *See also Coleman*, 501 U.S. at 750 ("In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice").

Under the second prong of the *Maupin* analysis, the court must actually rely on the procedural bar as an independent basis for its disposition of the case. *Caldwell v. Mississippi*, 472 U.S. 320, 327 (1985); *see also Coleman v. Thompson*, 501 U.S. 722, 750 (1991) (The last state court rendering a reasoned judgment on the matter must "clearly and expressly" state that its judgment rests on such a procedural bar for the doctrine of procedural default to apply). However, the court may actually enforce its procedural sanction and still review the merits of the case, as long as the decision on the merits is considered an alternative holding. *See Bowling v. Parker*, 2003 FED App. 0330P (6th Cir. Sept. 17, 2003); *see also Harris v. Reed*, 489 U.S. 255, 264 n. 10 (1989) ("[A] state court need not fear reaching the merits of a federal claim in an *alternative* holding"). Further, review by a state court of an otherwise procedurally defaulted claim to determine whether the error, if any, constituted a

5

manifest miscarriage of justice does not revive the defaulted claim for purposes of federal habeas corpus review. *Scott v. Mitchell*, 209 F.3d 854, 868 (6th Cir. 2000) ("manifest injustice" review by state court of defaulted claim does not constitute waiver of the default); *see also Seymour v. Walker*, 224 F.3d, 542, 557 (6th Cir. 2000) (Court of Appeals' plain error review does not constitute waiver of state procedural rules).

Respondent asserts that Gooden has procedurally defaulted his third, fourth, and sixth grounds for relief. Respondent also asserts that Gooden's sixth ground for relief (1) has not been exhausted in the state courts and (2) is solely a state law issue and not cognizable for federal habeas review.

**A. Grounds Three and Four: Improper Opinion and Character Evidence**

In his third and fourth grounds for relief, Gooden claims that the trial court denied his rights to trial by jury and due process when it admitted: a police officer's personal opinion on Gooden's guilt; and improper character evidence, *i.e.*, Francine Pickett's testimony suggesting Gooden had a propensity for preying on young women. In dismissing these claims, the Court of Appeals found that defense counsel failed to object to these alleged errors and reviewed the claims for plain error.

The Court of Appeals expressly relied upon and enforced the contemporaneous objection rule, a state procedural bar, to dismiss these claims. Further, the Court of Appeals' plain error review of the claims does not excuse the court's reliance on the state procedural rule in dismissing the claims. *See Scott*, 209 F.3d at 868. The Sixth Circuit has held the contemporaneous objection rule is an "adequate and independent" state ground. *Scott*, 209 F.3d at 869.

Gooden has not specifically attempted to show cause for the default and resulting prejudice. However, as one of Gooden's claims in the instant petition, he claims his trial counsel was ineffective for

6

failing to object to the opinion and character evidence. Even if this Court assumes Gooden raised the ineffective counsel claim as cause for the default, the argument does not excuse the default because counsel's performance was not deficient. *See*, *infra*, Section III, C. Accordingly, these claims should be dismissed.

**B. Ground Six: Trial Court's Failure to Include Written Jury Instructions In Record**

In his sixth ground for relief, Gooden claims he was denied his right to due process when the trial court failed to include a copy of the written jury instructions in the trial record. Respondent asserts that Gooden procedurally defaulted this claim under Ohio's contemporaneous objection rule because his counsel did not object to the instructions.

Contrary to Respondent's assertion, the Court of Appeals did not expressly state that the parties failed to object to the instructions.[2] Instead, the Court of Appeals found that Gooden did not demonstrate that the court's failure to include the instructions in the record prejudiced him. Therefore, the Court of Appeals did not expressly apply and rely on a procedural bar, nor did it "clearly and expressly" state that its judgment rested on the procedural bar. Accordingly, Respondent's argument of procedural default is without merit. Gooden has not procedurally defaulted this claim based on a state procedural rule.[3]

---

[2] The Court of Appeals quoted a section of a state case stating that it is not reversible error if the trial court fails to include the written instructions in the record where neither party identifies an error in the written instructions or a variation between the oral and written instructions.

[3] Alternatively, Respondent argues that Gooden failed to exhaust his claim because he did not fairly present it to the state courts. Federal courts lack jurisdiction to consider a habeas petition claim that was not fairly presented to the state courts. *Newton v. Million*, 349 F.3d

7

## III. Standard of Review under the AEDPA - Review on Merits

This case is governed by provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (April 24, 1996), because Gooden filed his habeas petition after the effective date of AEDPA. *See Lindh v. Murphy*, 521 U.S. 320, 326-27, 337 (1997). The relevant provisions of AEDPA state:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (1996).

Federal courts are bound by a state court's determination of a petitioner's claims, unless the decision by the state court involved an unreasonable application of clearly established federal law.

---

873, 877 (6th Cir. 2003). In determining whether a petitioner has fairly presented a federal constitutional claim to the state courts, a habeas court may consider whether (1) the petitioner phrased the federal claim in terms of the pertinent constitutional law or in terms sufficiently particular to allege a denial of the specific constitutional right in question; (2) the petitioner relied upon federal cases employing the constitutional analysis in question; (3) the petitioner relied upon state cases employing the federal constitutional analysis in question; or (4) the petitioner alleged facts well within the mainstream of the pertinent constitutional law. *Hicks v. Straub*, 377 F.3d 538, 553 (6th Cir. 2004). In the instant action, this Court questions whether Gooden fairly presented this claim to the state courts. Although he cited the U.S. Constitution and a U.S. Supreme Court case, he did not show how the trial court's failure to include the written instructions violated a federal constitutional right. Nevertheless, this Court will review Gooden's claim. *See*, *infra*, Section III, D.

*Franklin v. Francis*, 144 F.3d 429, 433 (6th Cir.1998). In *Williams v. Taylor*, 529 U.S. 362, 411 (2000), the Supreme Court held that "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Stated differently, "a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*. at 413. The Court noted that the term "unreasonable" is "no doubt difficult to define," but did not expound on the word's meaning in this context, instead stating that "it is a common term in the legal world, and, accordingly, federal judges are familiar with its meaning." *Id*. at 410. The Sixth Circuit interprets the *Williams* test to mean if a court "believe[s] that a state court incorrectly applied federal law, [it] must refuse to issue the writ of habeas corpus if [it] finds that the state court's decision was a reasonable one." *Machacek v. Hofbauer*, 213 F.3d 947, 953 (6th Cir. 2000).

**A. Ground One: Pre-indictment and Post-indictment Delay**

In his first ground for relief, Gooden alleges that he was denied his Sixth Amendment right to a speedy trial due to pre-indictment and post-indictment delay. The criminal event occurred on February 3, 2000. In July 2000, the State returned an indictment for a person named Demetrius Gooden, but not the defendant in the instant action. Upon learning it indicted the wrong person, the State dismissed the case on February 2, 2001. On February 14, 2001, the state returned an indictment against Gooden. However, the wrong Demetrius Gooden was arrested on an outstanding *capias*. On April 10, 2001, the trial court vacated the arraignment and issued a new *capias* for Gooden. Gooden was arrested on

9

April 26, 2001. Gooden's trial commenced on October 2, 2001.[4]

Gooden alleges a Sixth Amendment speedy trial violation but improperly combines two separate issues in this claim; that is, pre-indictment and post-indictment delay. However, the Sixth Amendment right to a speedy trial does not come into play until the "arrest, indictment or other official accusation." *Doggett v. U.S.*, 505 U.S. 647, 655 (1992). Absent an official accusation or arrest, therefore, pre-indictment delay will not trigger the protections of the Sixth Amendment right to a speedy trial. *Margroff v. Anderson*, 1999 U.S. App. LEXIS 787, at *3 (6th Cir. Jan. 14, 1999). Instead, pre-indictment delay is governed by the Due Process Clause of the Fifth Amendment. *See U.S. v. Rogers*, 118 F.3d 466, 475 (6th Cir. 1997).

Further, adding to the confusion of Gooden's claim, he does not present any argument in support of this claim, but only states a summary of the facts. A review of Gooden's state court brief indicates that he based and argued this claim in the state court on a due process violation by *pre*-indictment delay, but analyzed the claim under the Sixth Amendment *Doggett* test for *post*-indictment delay. The Court of Appeals noted Gooden's improper analysis and reviewed his claim solely under a pre-indictment delay analysis. In dismissing this claim, the Court of Appeals found that Gooden did not demonstrate any prejudice as a result of the State's delay in bringing the charges against him. Like the issue raised and considered in the state court, this Court will only review the claim as a Fifth

---

[4] Gooden's trial originally was scheduled for July 2, 2001, but at the request of both parties, the trial court continued it until July 24, 2001. However, on July 24, Gooden's counsel requested a continuance and Gooden waived his speedy trial right from July 25, 2001 until October 25, 2001. After Gooden's counsel requested two more continuances, trial commenced on October 2, 2001.

10

Amendment due process violation based upon pre-indictment delay.

The Supreme Court has held that "the Due Process Clause of the Fifth Amendment would require dismissal of the indictment if it were shown at trial that . . . pre-indictment delay . . . caused substantial prejudice to [a defendant's right] to a fair trial and that the delay was an intentional device to gain tactical advantage over the accused." *U.S. v. Marion*, 404 U.S. 307, 324 (1971); see also *U.S. v. Rogers*, 118 F.3d 466, 475 (6th Cir. 1997) (To prove unconstitutional pre-indictment delay, the defendant must first prove "substantial prejudice to his right to a fair trial").

In the instant action, the State claims that the delay was a result of an officer's clerical errors by providing information in the first indictment and *capias* for the wrong Demetrius Gooden. Gooden has not cited any evidence to this Court establishing any, let alone substantial, prejudice to his right to a fair trial; nor has he shown that the delay was an intentional device to gain tactical advantage over him. As Gooden has failed to demonstrate prejudice resulting from any alleged pre-indictment delay, the decision of the Court of Appeals is not contrary to, nor an unreasonable application of clearly established federal law. Accordingly, this claim should be dismissed.

**B. Ground Two: Trial Court's Admission of Inadmissable Hearsay**

In his second ground for relief, Gooden claims that the trial court violated his Sixth Amendment right to confrontation when it admitted the victim's out-of-court statements. Cynthia Became ("Became"), the victim's former teacher and friend, testified that on Monday, February 7, 2000, the victim told her that "somebody raped her." (Doc. No. 9, Exh. 32H, p. 321.) Officer Cornell also testified. However, Gooden does not identify the specific testimony of Officer Cornell that he

11

challenges as hearsay. Instead, he gives a summary of facts. Even after reviewing his state court brief, the exact statements in issue for this claim are not clear to this Court. Counsel is reminded that this type of briefing is unacceptable.[5]

This Court's review of the transcript reveals the following testimony by Officer Cornell: the victim told her the "situation" and said it occurred almost a week before she spoke to the victim; she proceeded to the victim's home "to see if the suspect that [the victim] brought up which happened to live in that home was there;" and that she "knew [the suspect] was a male who lived in that home by the name of Demetrius." (*Id.* at 334, 335, 339.)

In dismissing Gooden's hearsay claim, the Court of Appeals applied its limited standard for reviewing a trial court's evidentiary ruling. In regard to Became's statement, the Court of Appeals found that it may be considered an excited utterance hearsay exception; the court also found that even if the statement did not fall under this exception, its admission did not result in any prejudice to Gooden. In regard to Officer Cornell's statements, the Court of Appeals found the statements were not inadmissable hearsay because she was merely testifying to what her investigation revealed; apparently the Court of Appeals determined the testimony merely set the scene and was not asserted for the truth of its content.

It is well-established that alleged trial court errors in the application of state procedure or

---

[5] Apparently, Gooden's claim was not clear to the Court of Appeals. The Court of Appeals did not identify the specific testimony that Gooden alleged as Officer Cornell's hearsay and it reviewed this portion of the claim with Gooden's claim regarding Officer Cornell's opinion testimony.

12

evidentiary law, particularly regarding the admissibility of evidence, are generally not cognizable as grounds for federal habeas relief. *See Pulley v. Harris*, 465 U.S. 37, 41 (1984); *see also Cooper v. Sowders*, 837 F.2d 284, 286 (6th Cir. 1988). Instead, questions concerning the admissibility of evidence, as well as its probative or prejudicial value, are properly left to the sound discretion of the trial court. *See Oliphant v. Koehler*, 594 F.2d 547, 555 (6th Cir. 1979). "A state court evidentiary ruling will be reviewed by a federal habeas court only if it were so fundamentally unfair as to violate the petitioner's due process rights." *See Coleman v. Mitchell*, 244 F.3d 533, 542 (6th Cir. 2001); *see also Schoenberger v. Russell*, 290 F.3d 831, 836 (6th Cir. 2002) ("[O]nly in extraordinary cases will an error in the application of state rules of evidence rise to the level of a due process violation in a federal habeas proceeding"); *Seymour v. Walker*, 224 F.3d 542, 552 (6th Cir. 2000) (Generally, state court evidentiary rulings cannot rise to the level of due process violations unless they "offend[] some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental") (quoting *Montana v. Egelhoff*, 518 U.S. 37, 43 (1996)).

In the instant action, the trial court's evidentiary rulings were not so fundamentally unfair as to violate the petitioner's due process rights. Became's statement was a general recitation of an event described by the victim. Although the statement may have added to the credibility of the victim, its admission did not rise to the level of a due process violation. The victim testified in detail as to how Gooden raped her. Gooden has not shown that her testimony alone was insufficient to convict him. The jury had the chance to access the victim's credibility. Similarly, Officer Cornell's statements did not violate Gooden's due process right. The officer made these statements while describing the results of her investigation. She essentially stated that her investigation, which included interviews with the

13

victim, led to Gooden as a suspect. The trial court's rulings did not violate Gooden's due process right. Accordingly, this claim should be dismissed.

### C.  Ground Five: Ineffective Assistance of Trial Counsel

In his fifth ground for relief, Gooden claims he was denied the effective assistance of trial counsel because such counsel did not object to: Francine Pickett's ("Pickett") testimony allegedly suggesting Gooden had a propensity for preying on young women; Officer Cornell's alleged opinion of Gooden's guilt; and the alleged hearsay of Became and Officer Cornell. The testimony of Became and Officer Cornell already has been discussed, and will not be repeated here. *See*, *supra*, Section III, B. The testimony of Pickett, however, requires some background. The defense called Pickett as a defense character witness. In the process of presenting her as a witness, defense counsel asked her age and also asked whether she lived with Gooden, which she did. Upon cross-examination, the prosecutor elicited testimony that Pickett had a sexual relationship when she was seventeen and Gooden was thirty-three.

In dismissing this claim, the Court of Appeals found that trial counsel performance was not deficient because, in reviewing the underlying claims, it determined the character evidence, opinion evidence, and hearsay were admissible. In reviewing the claim regarding the character evidence for plain error, the Court of Appeals found that when defense counsel asked Pickett her age and whether she lived with Gooden, he opened the door for the State to inquire into Pickett's relationship with Gooden and her young age. The Court of Appeals also found that the State was entitled to impeach Pickett by establishing she was biased, prejudiced, interested, or had a motive to lie.

14

In order to establish ineffective assistance of counsel, the petitioner must show that his counsel's counsel's performance fell below an objective standard of reasonableness and that his counsel's errors were so serious as to prejudice the petitioner. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690. Deficiencies in counsel's performance must "be prejudicial to the defense in order to constitute ineffective assistance." *Id.* at 692. To establish prejudice under *Strickland*, the petitioner "must show that there is a reasonable probability that, but for the counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

In the instant action, Gooden has not satisfied the *Strickland* test. Counsel's failure to object cannot be ineffective representation if the evidence was admissible or if the evidence did not prejudice Gooden. As previously discussed, the testimony of Became and Officer Cornell was admissible and did not prejudice Gooden. With regard to Pickett, the State's inquiry was not improper because defense counsel opened the door to matters involving her relationship with Gooden and her young age because defense counsel asked about both subjects on direct examination. *See U.S. v. Clark*, 26 Fed. Appx. 422, 428 (6th Cir. 2001) (unpublished) (Once a defendant has raised a particular subject in his or her testimony, . . . defendant has opened the door, and testimony of both a general and specific nature may be elicited to provide a complete picture of the subject raised by the defendant.") *See also* 2 Jack B. Weinstein & Margaret B. Berger, Weinstein's Federal Evidence, 404.11(2)(B) (2d ed. 2001). Further, the State was entitled to impeach Pickett by trying to establish she was biased or

15

interested in favor of Gooden. *See U.S. v. Abel*, 469 U.S. 45, 52 (1984) ("Proof of bias is almost always relevant because the jury, as finder of fact and weigher of credibility, has historically been entitled to assess all evidence which might bear on the accuracy and truth of a witness' testimony").

As Gooden's underlying claims are without merit, counsel's failure to object to the evidence was not deficient. Therefore, the Court of Appeals' decision is not contrary to, nor an unreasonable application of clearly established federal law. Accordingly, this claim should be dismissed.

**D. Ground Six: Trial Court's Failure to Include Written Jury Instructions In Record**

In his sixth ground for relief, Gooden claims he was denied his right to due process when the trial court failed to include a copy of the written jury instructions in the trial record. In dismissing this claim, the Court of Appeals relied solely on a state statute and state case law. As this issue is solely a matter of state law, this Court will defer to the Court of Appeals' decision and review Gooden's claim for only a due process violation. *See Allen v. Morris*, 845 F.2d 610 (6th Cir. 1988) (Federal courts must defer to a state court's interpretation of its own laws and procedures); *see also Israfil v. Russell*, 276 F.3d 768, 771 (6th Cir. 2001) (Principles of comity require federal courts to defer to a state's judgment on issues of state law); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (Neither a violation of state law nor a state court's decision applying purely state law may be reviewed by a federal habeas corpus court, but such a claim serves as a basis for habeas corpus relief when the petitioner is denied fundamental fairness in the trial process).

The trial court's failure to include the written instructions in the record did not deny Gooden fundamental fairness in the trial process. Gooden alleges that the trial court's error impaired his appeal

16

as of right. This argument has no merit. Gooden has not alleged that the written instructions were deficient. Moreover, he did not appeal the substance of the jury instructions; nor has he alleged that there was no transcription of the Court's instruction to the jury. In fact, Gooden's counsel did not raise any objections to the jury instructions. Gooden has not shown a due process violation. Accordingly, this claim should be dismissed.

### IV. Conclusion

For the foregoing reasons, the Magistrate Judge recommends Gooden's Petition for Writ of Habeas Corpus (Doc. No. 1) be DENIED.

/s/ Nancy A. Vecchiarelli
U.S. Magistrate Judge

Date: August 17, 2005

### OBJECTIONS

**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days of this notice. Failure to file objections within the specified time may waive the right to appeal the District Court's order.** *See United States v. Walters*, **638 F.2d 947 (6th Cir. 1981).** *See also Thomas v. Arn*, **474 U.S. 140 (1985),** *reh'g denied*, **474 U.S. 1111 (1986).**