UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DEMETRIUS GOODEN, | ) | CASE NO.  1: 05 CV 0075 |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE DONALD C. NUGENT |
| v. | ) | |
| | ) | |
| | ) | MEMORANDUM OPINION |
| ROB JEFFREYS, WARDEN, | ) | AND ORDER |
| | ) | |
| Respondent. | ) | |

This matter comes before the Court upon the Report and Recommendation of Magistrate Judge Nancy Vecchiarelli.  The Report and Recommendation (ECF # 10), submitted on August 17, 2005, is hereby ADOPTED by this Court.

**Procedural and Factual Background**

A jury found Petitioner guilty of two counts of rape, two counts of gross sexual imposition, and one count of intimidation.  Petitioner was sentenced to five years for each rape count, one and a half years on the first gross sexual imposition count, one year on the second gross sexual imposition count, and one year on the intimidation count, such terms of imprisonment to run concurrently.  The trial court also imposed post-release control and found Petitioner to be a habitual sexual offender.

On appeal, the Court of Appeals of Ohio, Eighth District, vacated Petitioner's convictions for gross sexual imposition and intimidation due to insufficient evidence.  The Court of Appeals further remanded the case for resentencing, so that the trial court could comply with its mandatory duty to notify Petitioner that he is subject to post-release controls.  Finally, the Court of Appeals found that the trial court failed to discuss on the record the evidence and factors upon which it based its decision that

Petitioner is a habitual sexual offender, and thus reversed that adjudication and remanded for a new sexual predator hearing.

Upon remand, the trial court sentenced Petitioner to five years for each rape count, to be served concurrently. The trial court also found Petitioner to be a habitual sexual offender, and advised him that he is subject to post-release control.

Petitioner filed a federal Petition for a Writ of Habeas Corpus with this Court on January 13, 2005. (ECF # 1.) Petitioner raises the following grounds for relief:

> GROUND ONE: Mr. Gooden was denied his 6th Amendment right to speedy trial by virtue of excessive pre- and post-indictment delay.
>
> GROUND TWO: Mr. Gooden's 6th Amendment right to confrontation was violated by the admission of the alleged victim's out-of-court statements.
>
> GROUND THREE: Mr. Gooden was denied his 6th Amendment right to trial by jury, and his 14th Amendment right to due process by virtue of the testifying police officer having effectively expressed an opinion as to Mr. Gooden's guilt.
>
> GROUND FOUR: Mr. Gooden's 6th and 14th Amendment right to due process at trial was violated by admission of improper character evidence.
>
> GROUND FIVE: Mr. Gooden's 6th and [sic] Amendment right to the effective assistance of counsel was violated by counsel's deficient performance, particularly in not objecting to improper character evidence, improper opinion evidence and improper hearsay.
>
> GROUND SIX: Mr. Gooden's 14th Amendment right to due process, guaranteeing a meaningful direct appeal, was denied by the trial court's failure to include a copy of the written jury instructions in the trial record.

(ECF # 1 at 4-5.)[1]

Pursuant to Local Rule 72.2, this matter was referred to Magistrate Judge Vecchiarelli for the

---

[1] As noted by the Magistrate Judge, Petitioner provided this Court with a consolidated statement of facts, rather than delineating which specific facts support each ground. (ECF # 1 at 11-16.)

preparation of a report and recommendation.  Magistrate Judge Vecchiarelli issued her Report and Recommendation on August 17, 2005, recommending that Petitioner's Writ of Habeas Corpus be denied.  (ECF # 10.)

After several extensions of time, Petitioner filed his objections to that Report and Recommendation on October 5, 2005.   (ECF # 16.)  Respondent did not respond to Petitioner's objections.  The Court herein reviews the Report and Recommendation and Petitioner's objections.

**Standard of Review for a Magistrate Judge's Report and Recommendation**

The applicable district court standard of review for a magistrate's report and recommendation depends upon whether objections were made to that report.  When objections are made to a report and recommendation of a magistrate judge, the district court reviews the case de novo.  FED. R. CIV. P. 72(b) provides this standard of review.  It states, in pertinent part, the following:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule.  The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

Accordingly, this Court will review the Report and Recommendation, to which objections have been filed, de novo.  *See Massey v. City of Ferndale*, 7 F.3d 506 (6th Cir. 1993).

**Conclusion**

This Court has reviewed the Report and Recommendation of this case de novo and has considered all of the pleadings, affidavits, motions, and filings of the parties.  After careful evaluation, this Court adopts the findings of fact and conclusions of law of the Magistrate Judge as its own.

Petitioner objects to the Magistrate Judge's Report and Recommendation to the extent that it

concerns the following grounds for relief: ground one (pre-indictment delay), ground two (admission of inadmissible hearsay), and ground five (ineffective assistance of trial counsel). Petitioner does not make any objection to the Report and Recommendation to the extent that it pertains to grounds three, four and six of the Petition.

This Court has thoroughly reviewed each of Petitioner's objections, and the arguments and law set forth in support of the same. The Court finds that each issue raised by Petitioner was considered and addressed by the Magistrate Judge, and nothing stated in Petitioner's objections convinces this Court that the Magistrate Judge's Report and Recommendation is in error. Although Petitioner insists that the Report and Recommendation should have found unfair prejudice based on the pre-indictment delay, the admission of hearsay, and the conduct of trial counsel, the Court finds the Report and Recommendation to be well-supported by the record and correct.[2]  Accordingly, Petitioner's objections to the Report and Recommendation are OVERRULED, the Report and Recommendation of Magistrate Judge Vecchiarelli is hereby ADOPTED, and Petitioner's Petition for a Writ of Habeas Corpus is DISMISSED.

Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability.  28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

*s/ Donald C. Nugent*
DONALD C. NUGENT
United States District Judge

---

[2] The Court notes a minor discrepancy between the Report and Recommendation and the trial transcript, the former of which identifies the victim's former teacher and friend as Ms. Became, the latter of which identifies her as Ms. Beachum. This minor discrepancy, however, does not alter the resolution of any ground for relief.

DATED: <u>December 15, 2005</u>